UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON,

      Plaintiff,

v.

S. LANDFAIR, AUSTIN, J.
CZARWIOWSKI, PATRICIA LAMB,
and K. NADER,

      Defendants.
_____/

Case No. 4:21-cv-12704
District Judge Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 29)

I.     Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Darren

Johnson (Johnson), proceeding *pro se*, is suing Defendants S. Landfair (Landfair),

Austin, J. Czarwiowski (Czarwiowski), Patricia Lamb (Lamb), and K. Nader

(Nader) alleging violations of his Eighth Amendment rights related to the treatment

of his thyroid condition.  *See* ECF No. 1.  Under 28 U.S.C. § 636(b)(1), all pretrial

matters were referred to the undersigned.  (ECF No. 13).

Before the Court is Johnson's motion for the appointment of counsel.  (ECF

No. 29).  For the reasons that follow, the motion will be DENIED WITHOUT

1

PREJUDICE.

## II.    Background

### A.    Procedural History

On December 28, 2021, Johnson sent the Court a letter requesting the appointment of counsel.  (ECF No. 8).  In his letter, Johnson explained that he had been unable to find his own attorney.  (*Id*., PageID.101).  He further stated that he thought an attorney would be helpful during the mediation process and in obtaining documents from Defendants and/or the prison.  (*Id*.).

Johnson's original request was denied without prejudice because "the case was stayed so that the parties could participate in the *pro se* prisoner early mediation program."  (ECF No. 9, PageID.112).  The order denying Johnson's request informed him that "[i]f mediation does not result in a settlement, [he] may renew his request after the stay is lifted if he chooses."  (*Id*., PageID.113).  Mediation did not result in a settlement so the stay was lifted.  (ECF No. 12).

Following the entry of the order lifting the stay, Johnson filed a renewed request for the appointment of counsel.  (ECF No. 21).  In that motion, "Johnson state[d] that he [was] renewing his previous request for the appointment of counsel."  (ECF No. 22, PageID.146).  The Court denied Johnson's motion stating, "Johnson has not alleged a unique or exceptional need for counsel at this time nor does he provide additional information to support his request."  (ECF No. 22,

PageID.146).

Recently, on October 11, 2022, Landfair, Czarwiowski, Lamb, and Nader filed a motion to dismiss and/or for summary judgment on the basis of exhaustion. (ECF No. 27).  The Court ordered Johnson to respond by November 14, 2022. (ECF No. 28).  Then, on October 17, 2022, Johnson filed a new motion for the appointment of counsel.  (ECF No. 29).

## B.   Instant Motion

In his most recent motion, Johnson states five reasons why he needs this Court to appoint counsel:

1. He cannot afford counsel;

2. This case involves complex issues;

3. He has "limited access to the law library";

4. None of the attorneys he has written to requesting representation have responded to him; and

5. He "has a limited knowledge of the law."

(ECF No. 29, PageID.212).  In a declaration attached to his motion, Johnson says that this case "may require expert testimony" as well as "discovery of documents and depositions of a number of witnesses."  (*Id*., PageID.213).  He also says that he does not have a high school diploma or any legal education.  (*Id*.).

III.    Analysis

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  "Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits.  *Lavada v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotation marks and citations omitted).

Johnson has not alleged a unique or exceptional need for counsel at this time.  An "exceptional circumstance" is something "beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness." *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017).  All of Johnson's concerns are best understood as "relatively routine circumstances."  For instance, Johnson's concern about obtaining discovery by himself is a concern shared by all imprisoned litigants and is not exceptional.

Moreover, the only pending matter in this case is the motion to dismiss and/or for summary judgment on the basis of exhaustion recently filed by Landfair, Czarwiowski, Lamb, and Nader.  Johnson has until November 14, 2022, to respond to this motion, and may file a motion requesting additional time to respond if needed.  Johnson does not need a deep knowledge of the law to respond to this

4

motion. Instead, he only needs to explain why he believes that he sufficiently stated claims in his complaint against Landfair, Czarwiowski, Lamb, and Nader and why he believes that he met the exhaustion requirements under the Prison Litigation Reform Act.

Overall, Johnson's allegations do not provide cause for the appointment of counsel at this time.

## IV.    Conclusion

For the reasons set forth above, Johnson's most recent motion for the appointment of counsel, (ECF No. 29), is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: October 18, 2022                           s/Kimberly G. Altman
Detroit, Michigan                                        KIMBERLY G. ALTMAN
                                                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 18, 2022.

s/Julie Owens
JULIE OWENS
Case Manager