UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARREN JOHNSON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>S. LANDFAIR, et al.,<br><br>　　　　　　　Defendants. | Case No. 21-cv-12704<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS (ECF NO. 53); ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION (ECF NO. 50); GRANTING MDOC DEFENDANTS' MOTION TO DISMISS (ECF NO. 27); DENYING MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 27); AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH PREJUDICE AS TO LANDFAIR AND WITHOUT PREJUDICE AS TO AUSTIN (ECF NO. 36)**

I. **Introduction**

Pro se plaintiff Darren Johnson filed this action against Sirena Landfair, Elizabeth Austin, Joshua Czarwiowski, Patricia Lamb, and Kari Nader, alleging Eighth Amendment violations related to the treatment of Johnson's thyroid condition. ECF No. 1. Landfair, Czarwiowski, Lamb, and Nader (collectively, the MDOC Defendants) are employees of the Michigan Department of Corrections (MDOC). Austin is employed by Corizon Health,

Inc. (Corizon). Under 28 U.S.C. § 636(b), all pretrial matters in this case were referred to the magistrate judge. ECF No. 13.

On October 11, 2022, the MDOC Defendants filed a motion to dismiss or alternatively for summary judgment based on exhaustion. ECF No. 27. On January 13, 2022, Johnson filed a motion for partial summary judgment against Landfair and Austin. ECF No. 36. Both motions were fully briefed. ECF Nos. 31-32, 34, 38, 43.

On March 13, 2023, the magistrate judge issued a Report and Recommendation (R&R). ECF No. 50. The R&R recommends that the Court grant the MDOC Defendants' motion and deny Johnson's motion with prejudice as to Landfair and without prejudice as to Austin. *Id.* On March 27, 2023, Johnson filed objections to the R&R. ECF No. 53. None of the defendants filed a response to Johnson's objections.

## II. Standard of Review

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A

party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

### III.  Objections

### A. MDOC Defendants' Motion to Dismiss

In his first objection, Johnson argues that the magistrate judge erred by concluding that he does not explain how any of the MDOC Defendants were personally involved in his allegedly inadequate medical care. Citing Second Circuit law, Johnson argues that the MDOC Defendants were personally involved because the MDOC Defendants reviewed and

responded to his grievance but failed to correct the allegedly unconstitutional conduct.

The Court overrules Johnson's first objection. Although a supervisor's review and denial of a grievance may subject that official to § 1983 liability under Second Circuit authority, *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995), the Sixth Circuit has held otherwise. *See Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (holding prison official's denial of grievance appeal did not show personal involvement in alleged inadequate medical care). Even if the MDOC Defendants did not take any action after reviewing and denying Johnson's grievance, their inaction could not amount to personal involvement in inadequate medical care. *See id.* Johnson does not allege the MDOC Defendants were otherwise personally involved in the alleged inadequate medical care. Accordingly, Johnson failed to state a § 1983 claim against the MDOC Defendants.

### B. MDOC Defendants' Motion for Summary Judgment

In his second objection, Johnson argues that the magistrate judge erred by concluding Johnson did not exhaust his administrative remedies due to his failure to name the MDOC Defendants in his grievance. Johnson argues that the MDOC Defendants waived this issue because his

grievances were not denied due to his failure to include names. The Court agrees.

Unless an inmate properly exhausts all available administrative remedies, he will be barred from bringing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). An inmate exhausts his administrative remedies when he complies with his correctional institution's grievance procedures. *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). However, when prison officials waive enforcement of these procedural rules and instead consider a grievance on its merits, an inmate's failure to comply with those rules will not bar that inmate's subsequent lawsuit. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010); *see also id.* at 326 (holding inmate exhausted his claims despite failing to name a defendant in his initial grievance where inmate still received merits-based responses at each step).

Here, Johnson properly exhausted his claims against the MDOC Defendants. Czarwiowski and Landfair denied Johnson's grievance because Johnson was at the time receiving medical treatment for all of his medical concerns. ECF No. 27-3, PageID.210. Lamb and Nader denied Johnson's grievance appeals for similar reasons. *Id.* at PageID.206-08. Although the grievance procedures required Johnson to provide specific

names in his grievance and he failed to do so, the MDOC Defendants did not deny Johnson's grievance on that basis. Instead, the MDOC Defendants provided merit-based responses to Johnson's grievance through a complete round of grievance procedures. Accordingly, Johnson's failure to name the MDOC Defendants in his grievance does not bar his suit. *See Reed-Bey*, 603 F.3d at 326. Therefore, the Court sustains Johnson's second objection.

### C. Johnson's Motion for Partial Summary Judgment

In his third objection, Johnson argues that the magistrate judge erred by concluding that he cannot obtain summary judgment against Landfair. He states his arguments from his first and second objections "show[] differently, therefore entitling Johnson to summary judgment."

The Court overrules Johnson's third objection. Although, as his second objection contends, Johnson properly exhausted his administrative remedies against Landfair, his first objection that Landfair was personally involved in his inadequate medical care fails—Landfair's role in denying his grievance does not amount to personal involvement, and nothing otherwise shows personal involvement by Landfair. Even if everything Johnson alleges in his verified complaint and motion are true, Landfair still cannot be

held liable under § 1983 due to her lack of personal involvement. Johnson therefore cannot obtain summary judgment against Landfair.[1]

IV.  **Conclusion**

The Court **SUSTAINS IN PART** and **OVERRULES IN PART** Johnson's objections, ECF No. 53, and **ADOPTS IN PART** and **REJECTS IN PART** the R&R, ECF No. 50.

Accordingly, **IT IS ORDERED** that the MDOC Defendants' motion to dismiss (ECF No. 27) is **GRANTED** and Johnson's claims against the MDOC Defendants are **DISMISSED**. **IT IS FURTHER ORDERED** that the MDOC Defendants' motion for summary judgment (ECF No. 27) is **DENIED**, and Johnson's motion for partial summary judgment (ECF No. 36) is **DENIED WITH PREJUDICE** as to Landfair and **DENIED WITHOUT**

---

[1] Proceedings against Austin were stayed for 90 days, and the magistrate judge found that Austin was not required to file a response to Johnson's motion for partial summary judgment until her pending motion to compel was resolved. As a result, the magistrate judge recommended that Johnson's motion as to Austin be denied without prejudice and that Johnson may renew his motion once Austin had a chance to conduct discovery. Johnson did not object to this recommendation. Accordingly, the Court adopts the magistrate judge's recommendation and notes that Johnson may renew his motion now that the 90-day stay has been lifted (ECF No. 55) and Austin's motion to compel was recently resolved (ECF No. 59).

**PREJUDICE** as to Austin. Johnson may renew his motion for summary judgment against Austin. *See supra* note 1.

Dated: August 2, 2023

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge
