UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARREN JOHNSON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LANDFAIR et al.,<br><br>　　　　　　　Defendants. | Case No. 21-12704<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 83), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 81), AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 62)**

**I.   Introduction**

Pro se plaintiff Darren Johnson filed this action alleging violations of his Eighth Amendment rights due to the defendant's treatment of his thyroid condition during his custodial stay at G. Robert Cotton Correctional Facility. ECF No. 1. The Court referred this case to the magistrate judge for all pretrial matters under 28 U.S.C. § 636(b), ECF No. 10, and following motion practice, the only remaining defendant is Nurse Practitioner Kristen Austin. *See* ECF No. 63.

Johnson filed a motion for summary judgment which was fully briefed.[1] ECF Nos. 62, 76, 80. The magistrate judge issued a Report and Recommendation ("R&R"), which recommends denying Johnson's motion because he failed to provide evidence that Austin's treatment of his condition rose to the level of deliberate indifference. ECF No. 81. Johnson timely filed his objections to the R&R. ECF No. 83.

## II.     Standard of Review

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S.

---

[1] Although Johnson's motion is titled a motion for "partial" summary judgment, the Court notes the motion seeks resolution of all remaining claims.

140, 149 (1985). Absent "compelling reasons," arguments or issues that were not presented to the magistrate may not be presented in objections to the R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.
>
> *Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

### III.  Analysis

Johnson brings two objections to the R&R. In his first objection, Johnson contends that the magistrate judge "erred in concluding that Johnson has not demonstrated that he is entitled to Partial Summary Judgment." ECF No. 83, PageID.687. Johnson then proceeds to re-argue the issues that had been presented to the magistrate judge. Because Johnson's first objection is a general objection to the R&R and as a result fails to object to a specific conclusion in the R&R, the Court overrules the objection. *See Thomas*, 474 U.S. at 149.

In his second objection, Johnson argues that the magistrate judge erred in stating that he failed to show "that his disagreement with his medical treatment rises to the level of deliberate indifference." ECF No. 81, PageID.682. According to Johnson, he does not allege that he disagreed with his medical treatment, but alleges that Austin provided no medical treatment at all.

Despite Johnson's allegations, Johnson fails to show, with competent evidence and as a matter of law, that Austin was deliberately indifferent to his medical needs. At the summary judgment stage, neither a pro se nor represented party may rely on allegations in unsworn filings, yet Johnson does just that by relying only on the allegations found in his complaint to show that Austin failed to render any medical treatment. *See Maston v. Montgomery Ctny. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 852 (S.D. Ohio 2011).

Even if the Court may consider his allegations at this stage, they conflict with the record medical evidence. As the magistrate judge also observed, the medical evidence shows that after Johnson described his medical issues to Austin, she performed a physical exam. During the exam, the only abnormal finding was Johnson's dry skin, but Austin nonetheless requested a hospital thyroid scan to determine whether a change in

Johnson's medical treatment was necessary. ECF No. 62, PageID.490, 494. Viewing this evidence in a favorable light to Austin, a reasonable jury may find that Johnson merely disagrees with his medical treatment, as opposed to experiencing medical treatment rising to the level of deliberate indifference. Accordingly, the Court overrules Johnson's remaining objection.

## IV.   Conclusion

The Court has reviewed the record, **OVERRULES** Johnson's objections (ECF No. 83), and the R&R (ECF No. 81) is hereby **ADOPTED** and entered as the findings and conclusions of the Court.

Accordingly, **IT IS ORDERED** that Johnson's motion for partial summary judgment (ECF No. 62) is **DENIED**. Johnson's Eighth Amendment claim under 42 U.S.C. § 1983 against Austin proceeds to trial.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: March 25, 2024